EDRINNA MOOSMAN

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        APR 12 2024

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____DEPUTY
```

UNITED STATES DISTRICT COURT   DISTRICT OF NEVADA

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDRINNA MOOSMAN, ) | No. |
| ) | |
| Plaintiff, ) | COMPLAINT FOR: |
| ) | 1) HOSTILE WORK ENVIRONMENT; |
| v. ) | 2) DISPARATE TREATMENT; |
| ) | 3) WRONGFUL TERMINATION; |
| FRONTIER AIRLINES, a corporation doing ) | AND DEMAND FOR JURY TRIAL |
| business in Nevada; Certified Aviation ) | |
| Specialiara, a Corporation doing business in ) | |
| Nevada, FLORA MASSEY, an individual ) | |
| and DOES 1-50 inclusive, ) | 2:24-cv-00720-GMN-EJY |
| Defendants. ) | |

Plaintiff Edrinna Moosman complains and alleges as follows:

**PARTIES**

1. Edrinna Moosman (hereinafter referred to as "plaintiff") is a former employee of Certified Aviation Services, Inc. Plaintiff Edrinna Moosman began her employment with Defendant On October 11, 2023 to December 23, 2023.

2. Defendant FRONTIER AIRLINES, INC (hereinafter referred to as "DEFENDANT FRONTIER" or "FRONTIER"), is a National Corporation, authorized to operate a Regional aircraft carrier in the State of Nevada.

3. Defendant Certified Aviation Specialists (hereinafter referred to as "DEFENDANT CAS" or "CAS"), is the independent contractor of Defendant Frontier.

4. Defendant Massey, (hereinafter referred to as "Defendant Flora"), at all times mentioned in this complaint was employed as the plaintiff's direct Manager for Defendant CAS.

5. The true names and capacities of defendants named herein Does 1 through 50, inclusive, whether individual corporate, associate, or otherwise are currently unknown to Plaintiff, who therefore sues such defendants by said fictitious names pursuant to Nevada Code of Civil Procedure. Plaintiff will amend this Complaint to show the true names and capacities of Does 1 through 50, inclusive, when they have been determined.

6. Plaintiff has filed a complaint of discrimination with the State of Nevada Department of Fair Employment and Housing ("DFEH") against Defendants. within the applicable statutory period. The DFEH has issued a Notice of Right to Sue and Plaintiff has filed

this Complaint within one year from the date of the issuance of the Notice of Right to Sue.  A true and correct copy of the Notice of Right to Sue is attached hereto as "Exhibit A."

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff was hired for the Record Consolidation position which was a full time position offered by CAS as independent contractors Frontiers Airlines.

8. From the day that Plaintiff started Defendant Flora told her that her Godfather, the head of Defendant Frontier, our contractor, and that she was in control because of her fathers position. Defendant Flora manipulated files and was created difficult workplace relationship building,
9. Defendant Flora was reprimanded get by her direct supervisor, and surprisingly also by her husband.
10. She was spoken to. Everyday that I came to work she would harass me telling me I couldn't leave til certain work was done while she was gone.
11. She sexually harassed me about my breast & was asking me why was I working there and she wanted her best friend to take my place.
12. She even tol one of the trainers at frontier Amber that she wanted to work for frontier not CAs. CAs talked to her about that.
13. She would verbally assault me infront of the stock worked and they told management. I did what I was there to do for my job and kept records of everyday work. I cleaned out more files then her.
14. She and I had the same position she was never given power to tell me to do any thing it came from Mark the Manager & Aaron the supervisor.
15. I told Mark & Aaron about the hostile work environment. They both saw and reported her to upper management.
16. She kept on Mark told his boss what was going on and Arron as well Ashe had caught her sabotaging our work. Mark & Arron told me to contact HR,
17. I did talked to Tammy Adams. Arron got a promotion and was fishing to set me up at work and I was always working.
18. Tammy Adams came from HR we talk she told me to keep records of my work and times.
19. 2 weeks later Mark called me in his office Aaron went running out the Mark told me that I wasn't a fit for the company and if I needed a reference that he would give me on.
20. After Aaron go promoted he turned against me when he was one of my witness. Flora pt bestie got my full time position and Aaron wife the pt stayed. Both Aaron & Mark knew and saw Flora harass me and the workers in the warehouse.
21. She was constantly yelling at me talking down to me. No had to wear head set with music to not pay her any attention.
22. It was a hostile environment that I was depressed going to work everyday.

## FIRST CAUSE OF ACTION
(Hostile Work Environment In Violation Of Government Code )
(Against All Defendants)

22. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

23. At all times herein mentioned, 's Fair Employment and Housing Act ("FEHA"), Nev. Government Code et seq., was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940, prohibiting discrimination in employment based on her sex and prohibiting discrimination based on Plaintiff's sex.

24. The conditions of Defendant CAS's office that plaintiff complained of in paragraphs 11 through 19 above constitute a hostile work environment and violated Government Code.

25. At all times complained of herein, Defendant CAS and Defendant FRONTIER were responsible for the acts of its employees working in the office.

26. As a direct, foreseeable and proximate result of Defendants' unlawful action, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.

27. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

28. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION
(Wrongful Termination
In Violation Of Government Code § 12940(a)(1))

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth herein and, for a further cause of action against Defendants, alleges as follows:

30. At all times herein mentioned, Nevada's Fair Employment and Housing Act ("FEHA"), Nev. Government Code., was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by that statute.

31. Defendants violated Government Code when Defendants reprimanded plaintiff for tardiness in excess as compared to the male employees of Defendant CAS's Office.

32. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

33. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from discrimination. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION
(Disability Discrimination In Violation Of Government Code

34. Plaintiff hereby incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

35. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Nev. Government Code, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section, prohibiting discrimination in employment based on disability and prohibiting discrimination based on Plaintiff being regarded as disabled.

36. The termination of Plaintiff's employment constitutes discrimination based on physical disability and violated Government Code.

37. As a direct, foreseeable and proximate result of Defendants' unlawful action Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.

38. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

39. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including, but not limited to, lost back pay (including, but not limited to, salary and bonus wages), lost fringe benefits and future lost earnings, emotional distress; with legal interest, according to proof, as allowed by law;

2. For punitive damages as allowed by law on all Causes of Action;

3. For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys' fees;

4. For an injunction to prevent future violations of Government Code Sections 12940, et seq.;

5. For such other and further relief as the Court deems just and proper.

6. Demand For Jury Trial

Dated: April 10, 2024

*/s/ Edrinna Moosman*
Edrinna Moosman
PLAINTIFF PRO PER