UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDRINNA MOOSMAN, | Case No. 2:24-cv-00720-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| FRONTIER AIRLINES, a corporation doing business in Nevada; CERTIFIED AVIATION SPECIALIARA, a corporation doing business in Nevada; FLORA MASSEY, an individual and DOES 1-50, inclusive, | **and** |
| | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is Plaintiff Edrinna Moosman's Application to Proceed *in forma pauperis*. ECF No. 1. Also pending is Plaintiff's Complaint alleging a hostile work environment claim, wrongful termination, and disability discrimination. ECF No. 1-2.

**I.     Plaintiff's IFP Application is Complete**

Plaintiff's application to proceed *in forma pauperis* shows an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted under 28 U.S.C. § 1915(a).

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).  In construing Plaintiff's Complaint liberally, the Court looks in part to the attachments to Plaintiff's filing.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    Plaintiff's Complaint

    a.    <u>Plaintiff Fails to State Claims for Relief in her First and Third Causes of Action</u>.

        i.    *Plaintiff does not plead exhaustion of remedies.*

In her Complaint Plaintiff appears to allege a hostile work environment sex discrimination claim under Title VII of the 1964 Civil Rights Act ("Title VII") and a disability discrimination claim under the Americans with Disabilities Act ("ADA").  ECF No. 1-2 ¶¶ 23, 35.  In order to bring claims under Title VII or the ADA Plaintiff must first exhaust her administration remedies.  42 U.S.C. § 2000e-16 (establishing Title VII requirements); *Stache v. International Union of Bricklayers and Allied Craftsmen*, 852 F.2d 1231, 1233 (9th Cir. 1988) (same); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (a plaintiff must file an administrative charge before filing ADA suit).  In sum, well-settled law requires that before a plaintiff may file a Title VII or ADA suit the plaintiff must submit a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice occurred or, if the plaintiff initiates proceedings with a state or local agency with authority to grant or seek relief from

the alleged unlawful employment practice—here the Nevada Equal Rights Commission ("NERC"), the plaintiff has 300 days after the alleged employment practice occurred to file her charge.  42 U.S.C. § 2000e-5(e)(1); *Laquaglia v. Rio Hotel & Casino, Inc* ., 186 F.3d 1172, 1175 (9th Cir. 1999) (a plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act.).  Plaintiff alleges she filed a charge of discrimination with the EEOC and received a Right to Sue letter. ECF No. 1-2 ¶ 6.  Plaintiff does not say whether her EEOC charge alleged sex or disability discrimination. Thus, Plaintiff does not plead facts establishing she exhausted these claims before raising them with the Court.

> ii.    *Plaintiff does not plead facts demonstrating she timely filed suit.*

In her Complaint Plaintiff states she filed her lawsuit "within one year from the date of the issuance of the Notice of Right to Sue."  However, Plaintiff was required to file her Complaint with the Court within 90 days of receiving the Right to Sue, not one year as she states.  *Davis v. Consumer Safety Technology/Intoxalock*, Case No. CV-22-02118-PHX-MTL, 2023 WL 2708761, at *1 (D. Ariz. Mar. 30, 2023) (Title VII of the Civil Rights Act and the Americans with Disabilities Act require a plaintiff commence litigation within 90 days after receiving a notice of right to sue letter); 42 U.S.C. § 2000e-5(f)(1) (Title VII: "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"); 42 U.S.C. § 12117(a) (ADA: incorporating the procedures established by Title VII).  Untimely claims—that is, those filed after the 90 day window within which to bring suit—may be dismissed.  *Rowland v. Prudential Financial, Inc.*, 362 Fed.Appx. 596 (9th Cir. 2010).  Said simply here, Plaintiff's pleading is contrary to the conclusion that she timely filed her Complaint.

> iii.    *Plaintiff does not plead prima facie cases of sex or disability discrimination.*

Plaintiff also fails to plead prima facie hostile work environment and ADA claims.  To plead a prima facie hostile work environment claim, Plaintiff must allege: (1) Defendant subjected her to verbal or physical conduct because of her protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108

(9th Cir. 2008).  "Not every insult or harassing comment will constitute a hostile work environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000).  To plead a prima facie claim of disability discrimination under the ADA, Plaintiff must plead facts demonstrating she: (1) is disabled; (2) is qualified to perform the essential functions of her job with or without a reasonable accommodation; and (3) suffered an adverse employment action because of her disability.  *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996).

Plaintiff alleges one fact in support of her sexual hostile work environment claim.  This fact appears in paragraph 11 of her Complaint.  That is, Plaintiff states a female coworker "sexually harassed me about my breast …."  ECF No. 1-2 at 2.  Plaintiff says nothing more about this alleged harassing event.  All other fact allegations in Plaintiff's Complaint pertain to terms and conditions of employment, saying nothing about unwelcome physical or verbal conduct related to her sex.  *Id*. ¶¶ 7-10, 12-21.  Plaintiff's single alleged fact does not demonstrate alleged physical or sexual conduct that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

Plaintiff's Third Cause of Action, title Disability Discrimination, fails to allege she was disabled.  *Id*. ¶¶ 34-39.  Plaintiff also does not identify her alleged disability or indicate that she could perform the essential functions of her job with or without a reasonable accommodation.  *Id*. In the absence of these allegations, Plaintiff does not state a claim under the ADA.  *Sanders*, 91 F.3d at 1353.

The Court finds, when the above law is applied to the allegations in Plaintiff's Complaint, Plaintiff fails to plead sufficient facts to allow her ADA or hostile work environment sex discrimination claim to proceed in Court.  Accordingly, these claims are dismissed without prejudice and with leave to amend.

      b.    <u>Plaintiff Sues Under a California Government Code Inapplicable in Nevada and Plaintiff Otherwise Fails to State a Wrongful Termination-Public Policy Claim.</u>

California Government Code § 12940 is a California state law that is not applicable to employment events occurring in Nevada.  Indeed, Plaintiff provides no basis for the application of a California law to employment events in the State of Nevada.

To the extent Plaintiff seeks to bring a retaliation claim under Title VII, the ADA, or Nevada Revised Statutes she must demonstrate she exhausted administrative remedies (that is, raised this claim before the EEOC or NERC).[1]  42 U.S.C. § 2000e-16; *Stache*, 852 F.2d at 1233; *Josephs*, 443 F.3d at 1061; *Cooper v. Eighth Judicial District Court in and for County of Clark*, Case No. 74907, 2018 WL 3222743, at *1 (Nev. June 18, 2018) (internal citation omitted).  Plaintiff's Complaint is silent with respect to whether she raised a retaliation claim in her charge of discrimination.  *See* ECF No. 1-2.

If Plaintiff seeks to allege a tortious discharge-wrongful termination claim she must allege facts demonstrating her termination was in violation of Nevada's strong public policy.  *Canada v. Boyd Group, Inc.*, 809 F.Supp. 771, 781 (D.Nev.1982).  However, a public policy discharge claim is not available under Nevada law when the claim is based on sex or disability discrimination because full statutory remedies for these violations already exist.  *Id*. at 781-82; *Errico v. Fed-Ex Freight, Inc.*, Case No. 2:10-CV-01872-RLH, 2011 WL 1770861 at *3 (D. Nev. May 9, 2011).  By way of example, Nevada's public policy may be violated when an employee is discharged for activities like: (1) refusing to violate the law, (2) performing jury duty, (3) filing a workers' compensation claim or seeking industrial insurance, (4) refusing to work in unreasonable and dangerous conditions, and (5) whistle blowing.  *Sanders v. Sodexo*, Case No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697 at *3 (D. Nev. July 20, 2015).  Plaintiff's Second Cause of Action refers only to discrimination.  ECF No. 1-2 ¶¶ 30-32.  Thus, and for the above stated reasons, the Court finds Plaintiff does not allege a claim for wrongful termination under Nevada law.

The Court dismisses Plaintiff's Second Cause of Action without prejudice and with leave to amend.

## IV.    Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

---

[1]    A plaintiff may establish a prima facie claim of retaliation under Title VII or the ADA by pleading (1) she engaged or was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there is a causal link between the protected activity and the employer's action.  *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

IT IS FURTHER ORDERED that Plaintiff's hostile work environment sex discrimination claim is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's disability discrimination claim is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's wrongful termination claim is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff is provided through and including **June 20, 2024**, to file an amended complaint.  Plaintiff's amended complaint **must** allege facts demonstrating (1) she raised sex discrimination—hostile work environment, disability discrimination, and or retaliation in her charge of discrimination filed with the EEOC or NERC, (2) the date on which Plaintiff received her Right to Sue letter, (3) Plaintiff suffered from severe or pervasive conduct constituting sexual harassment, (4) Plaintiff is disabled and from what disability she suffers, (5) Plaintiff was qualified to perform the essential functions of her job with or without an accommodation, and (6) Plaintiff engaged in protected activity prompting retaliation as defined under federal or Nevada law.  Plaintiff must also allege facts that her termination violated Nevada's public policy; however, these allegations must demonstrate something other than termination based on sex or disability.  Plaintiff may attach a copy of her charge of discrimination and Right to Sue letter to her amended complaint to satisfy the timing and exhaustion requirements explained above. But, Plaintiff's amended complaint must state sufficient facts to establish each of the claims she seeks to bring against her employer.  The Court cannot refer to Plaintiff's original Complaint when determining if her amended complaint states claims upon which relief may be granted.

Plaintiff is advised that failure to timely comply with the terms of this Order will result in a recommendation to dismiss this action in its entirety.

**V.      Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's claim alleging a violation of California Government Code § 12940 be dismissed with prejudice.

Dated this 4th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).