EDRINNA MOOSMAN

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDRINNA MOOSMAN,

        Plaintiff,

v.

FRONTIER AIRLINES, a corporation doing business in Nevada; Certified Aviation Specialists, a Corporation doing business in Nevada, FLORA MASSEY, an individual and DOES 1-50 inclusive,

        Defendants.

No. 2:24-CV-00720-GMN-FJY

COMPLAINT FOR:
1) HOSTILE WORK ENVIRONMENT;
2) DISPARATE TREATMENT;
3) WRONGFUL TERMINATION; AND DEMAND FOR JURY TRIAL

Plaintiff Edrinna Moosman complains and alleges as follows:

**PARTIES**

1. Edrinna Moosman (hereinafter referred to as "plaintiff") is a former employee of Certified Aviation Services, Inc. Plaintiff Edrinna Moosman began her employment with Defendant On October 11, 2023 to December 23, 2023.

2. Defendant FRONTIER AIRLINES, INC (hereinafter referred to as "DEFENDANT FRONTIER" or "FRONTIER") , is a National Corporation, authorized to operate a Regional aircraft carrier in the State of Nevada.

3. Defendant Certified Aviation Specialists (hereinafter referred to as "DEFENDANT CAS" or "CAS"), is the independent contractor of Defendant Frontier. 4. Defendant Massey, (hereinafter referred to as "Defendant Flora"), at all times mentioned in this complaint was

employed as the plaintiff's direct Manager for Defendant CAS. 5. The true names and capacities of defendants named herein Does 1 through 50, inclusive, whether individual corporate, associate, or otherwise are currently unknown to Plaintiff, who therefore sues such defendants by said fictitious names pursuant to Nevada Code of Civil Procedure. Plaintiff will amend this Complaint to show the true names and capacities of Does 1 through 50, inclusive, when they have been determined.

6. Plaintiff has filed a complaint of discrimination with the State of Nevada Department of Fair Employment and Housing ("DFEH") against Defendants. within the applicable statutory period. The DFEH has issued a Notice of Right to Sue and Plaintiff has filed this Complaint within one year from the date of the issuance of the Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached hereto as "Exhibit A."

COMPLAINT-MOOSMAN V. FRONTIER AIRLINES, ET AL.
( FEDERAL DISTRICT COURT ____ CASE NO. ------------------)
- 1 -

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff was hired for the Record Consolidation position which was a full time position offered by CAS as independent contractors Frontiers Airlines.

8. From the day that Plaintiff started Defendant Flora told her that her Godfather, the head of Defendant Frontier, our contractor, and that she was in control because of her fathers position. Defendant Flora manipulated files and was created difficult workplace relationship building,
9. Defendant Flora was reprimanded get by her direct supervisor, and manager.
10. She was spoken to. Everyday that I came to work she would harass me telling me I couldn't leave til certain work was done before she got in.
11. She sexually harassed me about my breast & was asking me why was I working there and she wanted her best friend to take my place.
12. She even told one of the trainers at frontier Amber that she wanted to work for frontier not CAS. CAS talked to her about that.
13. She would verbally assault me infront of worker from CAS and they told management. I did what I was there to do for my job and kept records of everyday work. I cleaned out more files then her.
14. She and I had the same position she was never given power to tell me to do any thing it came from Mark the Manager & Aaron the supervisor.
15. I told Mark & Aaron about the hostile work environment. They both saw and reported to CAS upper management.
16. She kept on Mark told his boss what was going on and Arron as well and had caught her sabotaging our work. Mark & Arron told me to contact HR,
17. I did talked to Tammy Adams. Arron got a promotion and was fishing to set me up at work and I was always working.
18. Tammy Adams came from HR we talk she told me to keep records of my work and times. 19. 2 weeks later Mark called me in his office Aaron went running out the Mark told me that I wasn't a fit for the company and if I needed a reference that he would give me one..
20. After Aaron got promoted his wife took my position as full time from pt and he turned against me when he was one of my witness. Aaron wife got my full time position and Flora got hired as assistant to Kevin (her Godfather) boss. After I was let go.  Both Aaron & Mark

knew and saw Flora harass me and the workers in the warehouse.
21. She was constantly yelling at me talking down to me. No had to wear head set with music to not pay her any attention.
22. It was a hostile environment that I was depressed going to work everyday.

## FIRST CAUSE OF ACTION
(Hostile Work Environment In Violation Of Nevada Government Code Section__NRS 613.350_) (Against All Defendants)

22. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

COMPLAINT-MOOSMAN V. FRONTIER AIRLINES, ET AL.
( FEDERAL DISTRICT COURT ____ CASE NO. ------------------)
- 2 -

23. At all times herein mentioned, 's Fair Employment and Housing Act ("FEHA"), Nev. Government Code NRS 613.350, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section NRS 613.350, prohibiting discrimination in employment based on her sex and prohibiting discrimination based on Plaintiff's sex.
24. The conditions of Defendant CAS's office that plaintiff complained of in paragraphs 11 through 19 above constitute a hostile work environment and violated Nevada Government Code.
25. At all times complained of herein, Defendant CAS and Defendant FRONTIER were responsible for the acts of its employees working in the office.
26. As a direct, foreseeable and proximate result of Defendants' unlawful action, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.
27. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.
28. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION
(Wrongful Termination
In Violation Of Nevada Government Code §NRS 613.350 (a)

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth herein and, for a further cause of action against Defendants, alleges as follows: 30. At all times herein mentioned, Nevada's Fair Employment and Housing Act ("FEHA"), Nev. Government Code NRS 613.350 (a)., was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by that statute.
31. Defendants violated Government Code when Defendants reprimanded plaintiff for

tardiness in excess as compared to the male employees of Defendant CAS's Office. 32. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

33. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from discrimination. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION

(Disability Discrimination In Violation Of Government Code NRS 613.350 (b)

34. Plaintiff hereby incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

35. At all times herein mentioned, Nevada Fair Employment and Housing Act ("FEHA"), Nev. Government Code Section NRS 613.350 (b)_, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section, prohibiting discrimination in employment based on disability and prohibiting discrimination based on Plaintiff being regarded as disabled.

36. The termination of Plaintiff's employment constitutes discrimination based on physical disability and violated Government Code.

37. As a direct, foreseeable and proximate result of Defendants' unlawful action Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.

38. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

39. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including, but not limited to, lost back pay (including, but not limited to, salary and bonus wages), lost fringe benefits and future lost earnings, emotional distress; with legal interest, according to proof, as allowed by law; 2. For punitive damages as allowed by law on all Causes of Action;
3. For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys'

fees;

4. For an injunction to prevent future violations of Government Code Sections 12940, et seq.;

5. For such other and further relief as the Court deems just and proper. 6. Demand For Jury Trial

Dated: April 10, 2024

_____
Edrinna Moosman
PLAINTIFF PRO PER