EDRINNA MOOSMAN

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDRINNA MOOSMAN,

       Plaintiff,

v.

FRONTIER AIRLINES, a corporation doing business in Nevada; Certified Aviation Specialists, a Corporation doing business in Nevada, FLORA MASSEY, an individual and DOES 1-50 inclusive,

       Defendants.

No. 2:24-CV-00720-GMN-FJY

COMPLAINT FOR: Second Amended
1) HOSTILE WORK ENVIRONMENT;
2) DISPARATE TREATMENT; 3) WRONGFUL TERMINATION; AND DEMAND FOR JURY TRIAL;
3) DISABILITY;
4) DISCRIMINATION;

Plaintiff Edrinna Moosman complains and alleges as follows:

**PARTIES**

1. Edrinna Moosman (hereinafter referred to as "plaintiff") is a former employee of Certified Aviation Services, Inc. Plaintiff Edrinna Moosman began her employment with Defendant On October 11, 2023 to December 23, 2023.

2. Defendant FRONTIER AIRLINES, INC (hereinafter referred to as "DEFENDANT FRONTIER" or "FRONTIER"), is a National Corporation, authorized to operate a Regional aircraft carrier in the State of Nevada.

3. Defendant Certified Aviation Specialists (hereinafter referred to as "DEFENDANT CAS" or "CAS"), is the independent contractor of Defendant Frontier.

4. Defendant Massey, (hereinafter referred to as "Defendant Flora"), at all times mentioned in this complaint was employed as the plaintiff's direct Manager for Defendant CAS.

5. The true names and capacities of defendants named herein Does 1 through 50, inclusive, whether individual corporate, associate, or otherwise are currently unknown to Plaintiff, who therefore sues such defendants by said fictitious names pursuant to Nevada Code of Civil Procedure. Plaintiff will amend this Complaint to show the true names and capacities of Does 1 through 50, inclusive, when they have been determined.

6. Plaintiff has filed a complaint of discrimination with the State of Nevada Department of Fair Employment and Housing ("DFEH") against Defendants. within the applicable statutory period. The DFEH has issued a Notice of Right to Sue and Plaintiff has filed this Complaint within one year from the date of the issuance of the Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached hereto as "Exhibit A."

COMPLAINT-MOOSMAN V. FRONTIER AIRLINES, ET AL.
( FEDERAL DISTRICT COURT ____ CASE NO. ------------------)
- 1 -

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff was hired for the Record Consolidation position which was a full time position offered by CAS as independent contractors Frontiers Airlines. American English is my second language. I am from the Republic of Liberia,

8. From the first day that Plaintiff started Defendant Flora Massey told her that her Godfather Kevin Hamn the head of Defendant Frontier, our contractor, and that she was in control because of her godfathers position. Defendant Flora Massey manipulated files and was created difficult workplace relationship building,

9. Defendant Flora Massey was reprimanded by her direct supervisor Aaron Van Atta and manager Richard Embry.

10. She was spoken to. Everyday that I came to work she would harass me telling me I couldn't leave til certain work was done before she got in.

11. She sexually harassed me about my breasts & was asking me why I was working there when I was also a boxing coordinator. She wanted her best friend Debbie Dipasupit to take my place. (The first week on the job Flora Massey and I were in the office and one of the mechanics came into the office. The mechanic was just stirring at me. (new face on the job look) Flora Massey took upon herself and spoke out in front of the mechanic and said that he was looking at my breast. I had on a black jumpsuit with a long coat. The mechanic and I were really embarrassed and shocked, I told the manager Richard Embry and supervisor Aaron Van Atta. Richard Embry said that he was going to let his boss know cause Flora Massey has been causing some issues.)

12. She even told one of the trainers at frontier Amber, a trainer from Frontier that she wanted to work for frontier not CAS. CAS talked to her about that.

13. She would verbally assault me infront of workers from CAS and a Frontier in the warehouse that an employee told their management of the treatment. I did what I was there to do for my job and kept records of everyday work. I cleaned out more files than her.

14. She and I had the same position; she was never given power to tell me to do anything; it came from Richard Embry the Manager & Aaron Van Atta the supervisor.

15. I told Richard & Aaron about the hostile work environment. They both saw and reported to CAS upper management.

16. She kept on and Richard Embry told his boss what was going on and Aaron Van Atta as well and had also caught her sabotaging our work. Richard Embry & Aaron Van Atta told me to contact HR.

17. I talked to Tammy Adams, the head of HR. She said that she was going to Vegas and talked to me.

18. Aaron Van Atta got a promotion and was fishing to set me up at work and I was always working.

19. Tammy Adams came from HR. We talked and she told me to keep records of my work and times.

20. 2 weeks later Richard called me into his office 3 days before Christmas. Aaron Van Atta went running out the door and Richard Embry told me that I wasn't a fit for the company and if I needed a reference that he would give me one.

21. After Aaron Van Atta got promoted his wife took my position as full time from pt and he turned against me when he was one of my witnesses. Aaron's Van Atta wife Natalie got my full time position and Flora Massey got hired as assistant to Kevin (her Godfather) boss. After I was let go. Both Aaron Van Atta & Richard Embry knew and saw Flora Massey harass me and the workers in the warehouse.

22. She was constantly yelling at me and talking down to me. Trying to force commands on me when it was not her job. I had to wear a headset with music to not pay her any attention.

23. It was a hostile environment and I was depressed dreading going to work everyday.

24. She sexually harassed me about my breasts & was asking me why I was working there when I was also a boxing coordinator/model.

25. She wanted her best friend Debbie Dipasupit to take my place.

26. The first week on the job Flora Massey and I were in the office and one of the mechanics came into the office. The mechanic was just stirring at me. (new face on the job look) Flora Massey took upon herself and spoke out in front of the mechanic and said that he was looking at my breast. I had on a black jumpsuit with a long coat with no skin exposed. The warehouse is always cold. It was in the month of Oct.

27. The mechanic and I were really embarrassed and shocked, I told the manager Richard Embry and supervisor Aaron Van Atta. Richard Embry said that he was going to let his boss know cause Flora Massey has been causing some issues.

### FIRST CAUSE OF ACTION
(Hostile Work Environment In Violation Of Nevada Government Code Section__NRS 613.350_) (Against All Defendants)

28. Plaintiff hereby incorporates by reference Paragraphs 1 through 21 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

29. At all times herein mentioned, 's Fair Employment and Housing Act ("FEHA"), Nev. Government Code NRS 613.350, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section NRS 613.350, prohibiting discrimination in employment based on her sex and prohibiting discrimination based on Plaintiff's sex.

30. The conditions of Defendant CAS's office that plaintiff complained of in paragraphs 11 through 19 above constitute a hostile work environment and violated Nevada Government Code.

31. At all times complained of herein, Defendant CAS and Defendant FRONTIER were responsible for the acts of its employees working in the office.

32. As a direct, foreseeable and proximate result of Defendants' unlawful action, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.

33. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

34. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION
(Wrongful Termination
In Violation Of Nevada Government Code §NRS 613.350 (a)

35. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 of this Complaint as if fully set forth herein and, for a further cause of action against Defendants, alleges as follows:

36. At all times herein mentioned, Nevada's Fair Employment and Housing Act ("FEHA"), Nev. Government Code NRS 613.350 (a)., was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by that statute.

37. Defendants violated Government Code when Defendants reprimanded plaintiff for tardiness in excess as compared to the male employees of Defendant CAS's Office. 32. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

38. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights to be free from discrimination. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION
(Disability Discrimination In Violation Of Government Code NRS 613.350 (b)

39. Plaintiff hereby incorporates by reference Paragraphs 1 through 33 of this Complaint as if fully set forth herein, and for a cause of action alleges as follows:

40. At all times herein mentioned, Nevada Fair Employment and Housing Act ("FEHA"), Nev. Government Code Section NRS 613.350 (b)_, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section, prohibiting discrimination in employment based on disability and prohibiting discrimination based on Plaintiff being regarded as disabled.

41. The termination of Plaintiff's employment constitutes discrimination based on physical disability and violated Government Code.

42. As a direct, foreseeable and proximate result of Defendants' unlawful action Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred substantial economic losses.

43. As a further direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment all to Plaintiff's damage in an amount to be proven at the time of trial of this matter.

44. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights or safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including, but not limited to, lost back pay (including, but not limited to, salary and bonus wages), lost fringe benefits and future lost earnings, emotional distress; with legal interest, according to proof, as allowed by law;

2. For punitive damages as allowed by law on all Causes of Action;

3. For an award to Plaintiff of costs of suit incurred herein and reasonable attorneys' fees;

4. For an injunction to prevent future violations of Government Code Sections 12940, et seq.;

5. For such other and further relief as the Court deems just and proper.

6. Demand For Jury Trial

Dated: July 17, 2024

_____
Edrinna Moosman
PLAINTIFF PRO PER