UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EDRINNA MOOSMAN,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, a corporation doing business in Nevada; CERTIFIED AVIATION SPECIALIARA, a corporation doing business in Nevada; FLORA MASSEY, an individual and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00720-GMN-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Second Amended Complaint, Plaintiff's third attempt to state a sexually hostile work environment claim against Defendants. ECF No. 9. The Court has twice before explained to Plaintiff that she must demonstrate exhaustion of her administrative rights before she can bring her claim to federal court. ECF Nos. 5 at 2-3, 7 at 1. The Court previously advised Plaintiff to attach her Charge of Discrimination and Right to Sue letter to her amended complaint, but she did not do so. ECF Nos. 5 at 6 *compare* 6, 9. The Court also explained to Plaintiff that she failed to state a sexually hostile work environment claim because her single allegation was insufficient to establish severe or pervasive conduct that altered her working environment. ECF Nos. 5 at 3-4, 7 at 1.

Plaintiff's instant Second Amended Complaint no longer asserts claims under federal law. ECF No. 9. She now asserts claims under state law only. *Id*. This creates two problems for Plaintiff. First, Plaintiff again fails to establish exhaustion of administrative rights; second, Plaintiff no longer establishes a basis for the Court to exercise jurisdiction. With respect to her administrative exhaustion, the Nevada Supreme Court is clear that NRS 61.420 requires an employee alleging employment discrimination to exhaust her administrative remedies by filing a complaint with Nevada Equal Rights Commission ("NERC") before filing a district court action. *Palmer v. State*

*Gaming Control Board*, 787 P.2d 803, 804 (Nev. 1990).  Plaintiff's Second Amended Complaint is silent with respect to filing a charge and obtaining a right to sue from NERC.  ECF No. 9.

With respect to jurisdiction, Plaintiff no longer asserts a violation of federal statutory law and does not establish diversity.  Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This is commonly referred to as federal question jurisdiction.  Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Federal courts have the authority to determine their own jurisdiction.  *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004).  "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction.  *Id.*; Fed. R. Civ. P. 12(h)(3).  As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing subject matter jurisdiction exists.  *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Here, Plaintiff (1) does not discuss jurisdiction, (2) asserts claims under NRS Chapter 613 only, and (3) does not establish that she and the named defendants are citizens of different states.  Thus, Plaintiff fails to plead federal question or diversity jurisdiction.

Plaintiff had three opportunities to state a claim upon which relief may be granted.  Plaintiff was provided instructions regarding how to state a sexual harassment claim, but failed to follow the instructions provided.  Plaintiff's current Complaint suffers from the same infirmity as her first two

complaints and now add the failure to state a basis for jurisdiction. At this juncture, the Court finds providing a fourth opportunity to state a claim is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint, filed at ECF No. 9, be DISMISSED and this matter be closed.

Dated this 29th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).